## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

---

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 15, 2023

Via ECF

The Honorable Orelia E. Merchant,
   United States District Court for the Eastern District of New York,
     225 Cadman Plaza East,
       Brooklyn, New York 11201.

      Re:    <u>United States v. eBay Inc.</u>, No. 1:23-cv-07173 (OEM)

Dear Judge Merchant:

      We write pursuant to Paragraph III.B of Your Honor's Practice Rules to request a conference regarding defendant eBay's expected motion to dismiss this action under Rule 12(b)(6).

      For almost three decades, e-commerce marketplaces like eBay have provided an online venue where sellers can post items, buyers can view them, and then interested buyers and sellers can agree to transactions.  For just as long, sellers have tried to use these platforms to sell illicit products.  eBay prohibits such sales, employs both automated and manual tools to identify and remove illicit listings, and suspends malicious sellers.  Compl. ¶¶ 92-93, 122-127.  Notwithstanding those efforts, however, bad actors sometimes evade eBay's detection.  *Id.* ¶ 125.

      On September 27, the United States filed this action on behalf of the Environmental Protection Agency (EPA), complaining that in recent years there were sales on eBay of aftermarket defeat devices in violation of the Clean Air Act (CAA); pesticides in violation of the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA); and products containing methylene chloride in violation of the Toxic Substances Control Act (TSCA).  The central problem for EPA is that, in all three of those statutes, Congress imposed liability on *sellers*—the people who actually own or possess the items, and who sell, deliver, or introduce them into commerce.  None of the statutes applies to online marketplaces that provide a platform for sales by third parties, and no court has ever imposed liability on that theory under these or similar laws.  To eBay's knowledge, no federal or state regulator has even tried.  This action is literally unprecedented.

      Even accepting the Government's extraordinary position—that eBay is liable any time it fails to stop an illegal sale, no matter its efforts—this suit is barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1).  That statute, which protects online businesses from the significant liability that would result from being held responsible for the harmful acts of third parties on their sites, squarely applies here.

The Honorable Orelia E. Merchant                                                                -2-

*Clean Air Act* (Compl. ¶¶ 245-253).  Taking the Complaint's factual allegations as true, eBay did not "sell" or "offer to sell" any defeat device.  *See* 42 U.S.C. § 7522(a)(3)(B).  The CAA does not define those terms, so they take their ordinary meaning, which is the transfer of title or possession for a price.  *See Sale*, *Black's Law Dictionary* (11th ed. 2019); UCC § 2-106(1).  The Complaint does not allege that eBay held title to or possessed the alleged defeat devices, and with good reason: for each transaction, the *actual seller* owned or possessed the defeat device, and transferred it to the buyer for a price.  Indeed, EPA itself recognizes that the people who list items on eBay are the "sellers."  *See*, *e.g.*, Compl. ¶ 87.  That is why, for more than two decades, courts—including the Second Circuit—have repeatedly held that eBay and similar online marketplaces are not sellers and do not make offers to sell.  *See Tiffany (NJ) Inc.* v. *eBay Inc.*, 600 F.3d 93, 97 (2d Cir. 2010) ("[eBay] does not itself sell the items listed for sale on the site.") (internal quotation marks omitted); *Blazer* v. *eBay, Inc.*, 2017 WL 1047572, at *4 (N.D. Ala. Mar. 20, 2017) ("eBay's listings are not offers to sell from eBay."); *Estate of Graham* v. *Sotheby's, Inc.*, 178 F. Supp. 3d 974, 998 (C.D. Cal. 2016), *aff'd in part, rev'd in part sub nom. Close* v. *Sotheby's, Inc.*, 894 F.3d 1061 (9th Cir. 2018) ("It is virtually common knowledge that . . . eBay is not a seller of goods.").

Nor does eBay "caus[e]" "any person to . . . sell, or offer to sell" defeat devices under the CAA.  To be sure, eBay "plays a causal role in the sense that no one could post a [listing] if [eBay] did not offer a forum."  *Chicago Lawyers' Comm.* v. *Craigslist, Inc.*, 519 F.3d 666, 671 (7th Cir. 2008).  But that is not "a useful definition of cause" because one "might as well say that people who save money 'cause' bank robbery."  *Id*.  Causation is not the same as facilitation; online marketplaces do not cause sales, any more than do the credit card companies or internet providers that buyers and sellers use.  Rather, the plain meaning of "cause" requires that the *defendant* "bring about" or "effect" the sale.  *Black's Law Dictionary* (11th ed. 2019); *see Shorter Oxford English Dictionary* 362 (5th ed. 2002) ("Be the cause of; effect; bring about; occasion; produce; induce").  Courts have therefore interpreted analogous statutes to apply when the defendant "induces" or "direct[s] others" to take the prohibited act.  *Chicago Lawyers' Comm.*, 519 F.3d at 671; *United States* v. *Rojas,* 2017 WL 2573073, *1-2 (M.D. Pa. June 14, 2017).  The facts alleged do not plausibly suggest that eBay directed or induced any defeat-device sale.  On the contrary, the Complaint makes clear that eBay attempts to prevent such sales.  Compl. ¶¶ 92-93, 122-127.  Even if EPA believes that eBay should have done more, failing to prevent an illegal sale is *not* the same as causing that sale.

*Federal Insecticide, Fungicide, and Rodenticide Act* (Compl. ¶¶ 260-273).  The Complaint likewise does not state a claim under FIFRA.  FIFRA makes it unlawful to "distribute, sell, offer for sale, hold for distribution, hold for sale, hold for shipment, ship, deliver for shipment, release for shipment, or receive and (having so received) deliver or offer to deliver" certain pesticides.  7 U.S.C. §§ 136j(a)(1), 136(gg).  Again, the Complaint does not plausibly allege that eBay did any of those things.  eBay did not "sell" or "offer for sale" any pesticides under FIFRA for the same reasons it did not "sell" or "offer for sale" defeat devices under the Clean Air Act.  The ordinary meanings of "distribute," "hold," "receive," and "deliver" similarly require possession of the pesticides at issue, which the Complaint here does not allege.  And although the

The Honorable Orelia E. Merchant                                                                                           -3-

Complaint alleges that eBay provides "shipping assistance" to sellers, it concedes that the actual shipping is carried out by other entities—USPS, UPS, and FedEx. *See* Compl. ¶ 114.[*]

            ***Toxic Substances Control Act*** (Compl. ¶¶ 254-259). Finally, the Complaint does not allege facts showing that eBay is a "retailer" that sold, held, or "introduce[d] or deliver[ed] for introduction into commerce" products containing methylene chloride. *See* 15 U.S.C. §§ 2602(5), 2605(a); 40 C.F.R. § 751.105(c). As courts have long recognized, "eBay is an electronic marketplace, not a retailer." *See, e.g.*, *Tiffany (NJ) Inc.* v. *eBay, Inc.*, 576 F. Supp. 2d 463, 476 (S.D.N.Y. 2008), *aff'd in relevant part, rev'd in part*, 600 F.3d 93 (2d Cir. 2010). Again, each of the statutory terms requires, at a minimum, that eBay owned or physically possessed the relevant product. The Complaint alleges no such facts.

            ***Section 230 Immunity***. The protections afforded by Section 230 recognize that "[i]t would be impossible for service providers to screen each of their millions of postings for possible problems." *Force* v. *Facebook, Inc.*, 934 F.3d 53, 63 (2d Cir. 2019) (quoting *Zeran* v. *America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997)). Accordingly, the statute shields a defendant when (1) it provides an interactive computer service; (2) the plaintiff's claims treat the defendant as the publisher of information; and (3) that information is provided by a third party. *Id.* at 64. That defense applies here in spades. EPA's claims seek to hold eBay liable for "products listed by third-party merchants." Compl. ¶ 86. EPA's claims treat eBay as the publisher of that listing information because, "[a]t bottom, [EPA's] contention is that eBay should be held responsible for failing to monitor the products auctioned over its service." *Stoner* v. *eBay, Inc.*, 2000 WL 1705637, at *4 (Cal. Super. Ct. Nov. 1, 2000). As the Second Circuit has explained, "deciding whether to publish, *withdraw*, postpone or *alter* content" is precisely the sort of "editorial function[]" covered by Section 230 immunity. *FTC* v. *LeadClick Media, LLC*, 838 F.3d 158, 174 (2d Cir. 2016) (emphases added) (citation omitted).

            For the foregoing reasons and others, the Complaint fails to state a claim and should be dismissed.

---

      [*] The Complaint asserts that eBay "receives" some products to be sent overseas at a facility in the U.S., and that it receives some products originating overseas at a U.K. facility. Compl. ¶¶ 116, 119. But the Complaint does not allege that eBay, "having so receive[d]" any product, *also* "deliver[ed] or offer[ed] to deliver" it. 7 U.S.C. §136(gg). The Complaint alleges only one instance in which "eBay shipped" a prohibited pesticide from either facility, *id.* ¶ 208, but it alleges no facts about eBay's actual role in moving the goods. And the only factual allegations regarding eBay's "global shipping" program suggest that the actual shipping is carried out by third parties such as Pitney Bowes. *See id.* ¶ 117.

The Honorable Orelia E. Merchant                                         -4-

                                                              Respectfully submitted,

                                                              */s/ Sharon L. Nelles*
                                                              Sharon L. Nelles

cc:      Counsel of Record (via ECF)