

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 22, 2023

By ECF
Honorable Orelia E. Merchant
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *United States v. eBay Inc.*,
              No. 23-cv-7173 (Merchant, J.) (Bloom, M.J.)

Dear Judge Merchant:

      Per the Court's Individual Practices and Rules § III.B.2, the United States respectfully submits this letter brief in response to Defendant's November 15, 2023 letter brief proposing to file a motion to dismiss. As described below, Defendant's proposed motion is without merit.

      eBay Inc. ("eBay") operates ebay.com, a self-styled "online marketplace." Among the products sold on the site are items prohibited under federal environmental laws, with substantial (and in some cases potentially fatal) consequences to human health and the environment. The Environmental Protection Agency ("EPA") has identified hundreds of thousands of sales of (1) aftermarket parts that defeat motor vehicle emission controls, in violation the Clean Air Act ("CAA"), 42 U.S.C. § 7522(a)(3)(B); (2) methylene chloride containing products for paint and coating removal, distributed in violation of Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2614(1), and its implementing regulations at 40 C.F.R. §§ 751.101-751.109; and (3) unregistered, misbranded, and restricted use pesticides sold in violation of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136j(a). *See* Compl. ¶¶ 246, 256, 231.

      eBay contends that the illegal sales are solely the responsibility of the third-party merchants that list products on its site. eBay is not, however, the innocent bystander it purports to be. eBay actively markets the products listed on its site; controls what products a consumer sees for purchase; prohibits participants in its online store from transacting business off its site; controls all aspects of the sales transaction (creating a virtual shopping cart for the transaction, accepting the purchaser's payment, processing the purchaser's credit card, and collecting and paying sales taxes and other regulatory fees); and provides a money-back guarantee. *See* Compl. ¶¶ 87, 108-12, 130-36. Given these facts – which, at this stage must be accepted as true – eBay is a "seller" and a "distributor in commerce" of the illegal products within the meaning of the environmental laws at issue in this case.

      The linchpin of eBay's argument is that it is not a "seller" or "distributor" in that it does not "transfer . . . title or possession" of the products on its site. But eBay offers nothing from any

of the statutes at issue here to support such a limited definition. Indeed, eBay's proposed definition is inconsistent with normal usage of the words "sale," "sell," or "seller," and is inconsistent with statutes and caselaw in a wide variety of contexts. As the Supreme Court itself has noted in assessing the liability of a securities broker under the Securities Act, "[i]n common parlance, a person may offer or sell property without necessarily being the person who transfers title to . . . that property." *Pinter v. Dahl*, 486 U.S. 622, 642-43 (1988). Examples of this common parlance abound. A real estate broker, who does not own the property that is marketed, "sells." *See Watts v. Andrews*, 649 P.2d 472, 475 (N.M. 1982). An employee who goes door to door signing up electricity customers makes "sales" without owning the product. *See Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 228-36 (2d Cir. 2018). And a beer manufacturer can be "selling" simply by promoting its product. *See Royal Ins. Co. of Am. v. Bos. Beer Co.*, No. 1:04cv2295, 2007 WL 1072166, at *8-9 (N.D. Ohio Apr. 5, 2007).

There is nothing in the language of the CAA, FIFRA, or TSCA – all of which are broadly worded – to suggest that the statutes intend to limit a "seller" to an entity that transfers title to a product. The CAA includes entities that sell, cause a sale, "or offer to sell" among a laundry list of liable entities; FIFRA also speaks of those who "distribute," "ship," and "deliver;" TSCA further includes those who "introduce" into commerce. It is clear from the list of covered categories that Congress intended to cast a wide net of liability for violations of these statutes. And no wonder – the products at issue all may harm the purchaser or the environment, or both. The purpose of the statutes is to protect human health and the environment by stopping these products from entering the marketplace. It would be inconsistent with the statutory purposes to narrowly construe the definitions to effectively exempt e-commerce retailers simply because they do not hold title to the products.

eBay suggests that the Government's effort to make it responsible as a seller under environmental laws is "extraordinary" and unprecedented. That is simply not the case. While some courts have found that eBay and Amazon are not "sellers" in some contexts, others have held them responsible as a seller or distributor and in so doing have rejected the very argument that eBay is making here. Key to these decisions is the fact that eBay and its ilk play an integral part in the chain of distribution to the ultimate consumer. *See, e.g., State Farm Fire & Cas. Co. v. Amazon.com, Inc.*, 390 F. Supp. 3d 964, 972 (W.D. Wis. 2019) (holding Amazon liable as the seller of a defective product). Using terms like "online marketplaces" and "platform," eBay seeks to minimize its role in the sales process. Such terms obscure the fact that eBay (and companies like it) puts itself squarely in the middle of each and every sale on its site. Recognizing the role such companies play, courts have looked beyond these self-serving terms to hold these "marketplaces" and "platforms" liable as sellers. *See, e.g., Loomis v. Amazon.com LLC*, 277 Cal. Rptr. 3d 769, 779-85 (Cal. Ct. App. 2021). That e-commerce companies do not hold title to the products is not dispositive given their participation in and control over the entirety of the sales process. *See, e.g., State Farm Fire & Cas. Co. v. Amazon.com Services, Inc.*, 137 N.Y.S.3d 884, 888-89 (N.Y. Sup. Ct.2020).[1]

---

[1] If anything, *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010), cited by eBay, supports the government. The court's statement, in dicta, that eBay does not sell items is based on the district court's finding that, in 2008, the consumer and the merchant carried out transactions directly; they contacted each other outside of eBay's site and arranged for payment and shipment.

In addition to the prohibition on selling products that defeat emission controls, the Clean Air Act also prohibits the "causing" of such a sale. *See* 42 U.S.C. § 7522(a). Even using eBay's (too limited) definition of cause – *i.e.*, to induce or direct – eBay causes sales of prohibited emission control defeat devices. eBay does not simply facilitate the purchase of a product that a consumer has already decided to make. It guides them to certain products based on their search histories and actively pushes consumers to complete purchases once a purchase has been initiated. For example, eBay will show a consumer not only products that she may have been specifically searching for but also other products that she did not search for, but that eBay believes she may want. *See* Compl. ¶¶ 137-40. It will prompt her to purchase "related products," "similar sponsored items," and "sponsored items based on your recent views." *See id.* ¶ 235. And it sends coupons to customers offering them discounts to complete a purchase. *See id.* ¶ 243. Even after a consumer makes a purchase, eBay continues to encourage her to buy more. eBay will send her emails to let her know of products that it thinks she might be interested in buying; it will even target her with ads for specific products on web sites unrelated to eBay. *See id.* ¶¶ 141-44. eBay used all these tactics to sell the illegal items here. *See id.* ¶¶ 235-44.[2]

Finally, Section 230 of the Communications Decency Act has no bearing on this matter. The United States seeks to hold eBay liable for its own conduct in selling illegal products. It is not seeking to hold eBay liable for publishing content created by a third-party. That is, at issue is something that was sold, not something that was said. Courts addressing such circumstances have overwhelmingly held that Section 230 does not apply. *See, e.g.*, *State Farm*, 390 F. Supp. 3d at 973-74; *Bolger v. Amazon.com, LLC.*, 267 Cal. Rptr. 3d 601, 626 (Cal. Ct. App. 2020). Section 230 simply does not protect eBay from liability for its own acts of selling or distributing a product into the stream of commerce.[3]

---

*See id.* at 97; *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 475 (S.D.N.Y. 2008), *aff'd in part rev'd in part*, 600 F.3d 93 (2d Cir. 2010). In 2023, the facts are very different; now, eBay manages the sales transaction and even prohibits the consumer and the merchant from making a direct purchase. Even under eBay's old procedures, the Second Circuit reasoned that eBay exercised "significant control" over sales transactions such that it was subject to Lanham Act liability. *See Tiffany*, 600 F.3d at 105-06.

[2] To "cause" something, in a legal sense, often means something less than to "induce" or to "direct" it. In tort, for instance, to be a cause of a harm is to be a "substantial factor in bringing it about." *See* Restatement (Second) of Torts § 431 (1965). eBay certainly satisfies that standard. Were the Court to apply the causation standard set out in the Restatement (Third) of Torts, the result would be the same. Under that standard, "[a]n actor's liability is limited to those harms that result from the risks that made the actor's conduct tortious." Restatement (Third) of Torts Liab. For Physical and Emotional Harm § 29 (2010). As the harm here is the sale of illegal products, eBay's conduct risks that very harm.

[3] Note, too, that, even with respect to the product listings on its site, eBay is more than a mere publisher. eBay actively shapes how a merchant lists products. *See* Compl. ¶¶ 94-100, 104-07, 128-29. And as noted above, eBay creates its own content by identifying listings with various descriptions to induce purchases. *See id.* ¶ 235.

3

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By: */s/ Michael S. Blume*
    Michael S. Blume
    Paulina Stamatelos
    Assistant U.S. Attorneys
    (718) 254-6479 / 6198
    Michael.Blume@usdoj.gov
    Pauline.Stamatelos@usdoj.gov

    TODD KIM
    Assistant Attorney General
    Environment and Natural Resources Division
    United States Department of Justice

    JAMES D. FREEMAN
    Senior Attorney
    Environmental Enforcement Section
    Environment and Natural Resources Division
    United States Department of Justice
    999 Eighteenth Street
    South Terrace Suite 370
    Denver, CO 80202
    james.freeman2@usdoj.gov

cc:  All Counsel of Record (by ECF)