UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

        -against-                                 MEMORANDUM AND ORDER
                                                              23-CV-7173 (OEM) (LB)

EBAY INC.,

                Defendant.
------------------------------------------------------------------------X
ORELIA E. MERCHANT, United States District Judge:

        On September 27, 2023, the United States of America ("Plaintiff" or "United States"), by authority of the Attorney General of the United States, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), commenced this action against eBay Inc. ("eBay" or "Defendant"). The United States seeks: 1) a ruling on civil liability, injunctive relief, and the assessment of civil penalties against eBay for violations of Section 203 of the Clean Air Act ("CAA"), in accordance with 42 U.S.C. § 7522-24, related to eBay's purported sale and offering for sale of aftermarket products for motor vehicles; 2) injunctive relief against eBay for violations of the Methylene Chloride Rule and Section 15(1) of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2614(1), related to eBay's purported distribution in commerce of methylene chloride-containing paint and coating removal products; and 3) injunctive relief against eBay for violations of Sections 12(a)(2)(l), 13, and 16(c), and 136a(a),136j(a)(1)(A),(E),(F) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136a(a),136j(a)(1)(A),(E),(F), 136k, and 136n(c). *See generally* Complaint ("Compl."), ECF 1.

        Before the Court is eBay's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on February 9, 2024. eBay moves pursuant to Rule 12(b)(6) to dismiss Plaintiff's claims in their entirety with prejudice. Plaintiff opposes eBay's motion to

1

dismiss, alleging that eBay violated the CAA, TSCA, and FIFRA.  For the reasons below, eBay's motion to dismiss is GRANTED.

## BACKGROUND[1]

The United States alleges that eBay offers for sale, sells, distributes, and/or distributes in commerce products that violate the CAA, TSCA, and FIFRA.  Compl. ¶ 2.

### A.     Alleged CAA Violations

First, the United States alleges that eBay's website, eBay.com, lists at least 343,011 Aftermarket Defeat Products for sale, in violation of the CAA.  *Id.* ¶ 168.  Aftermarket Defeat Products are used to tamper with or disable vehicle emissions control systems, a function the CAA strictly prohibits.  *Id.* ¶ 17; *see* 42 U.S.C. § 7525(a)(2); *see* 40 C.F.R. §§ 86.007-30(a)(l)(i), 86.1848-01 (a)(l).  Specifically, Aftermarket Defeat Products are "designed to alter, replace, or disable … Emission-Related Elements of Design, [and] are marketed as products that enhance a vehicle's power, improve a vehicle's fuel economy, or reduce the costs related to operating and maintaining a vehicle[]."  *Id.* ¶ 45.  Plaintiff alleges that "eBay knew or should have known that the Aftermarket Defeat Products it has sold, offered for sale, and/or caused the sale or offer for sale of … would be installed for the use or put to the use of bypassing, defeating, or rendering inoperative devices or elements of design that control emissions of regulated air pollutants installed on or in motor vehicles or motor vehicle engines in compliance with Title II of the CAA."  Compl. ¶ 250.

---

[1] The Court draws the following facts from the facts and allegations contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits.  *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

**B.     Alleged TSCA Violations**

Plaintiff also alleges that eBay has offered for sale methylene chloride-containing products, in violation of the TSCA, 15 U.S.C. § 2614(1), and the EPA rule, 40 C.F.R. § 751.105(c), promulgated thereunder ("The Methylene Chloride Rule"). *Id.* ¶¶ 176-92. Methylene chloride is "a chemical substance [that is] used as a solvent and as a stripping and thinning agent in paint and coating removal products." *Id.* ¶ 58. The EPA, pursuant to its authority under the TSCA, promulgated a rule restricting "the manufacture (including import), processing, distribution in commerce, use, and disposal of methylene chloride." 40 C.F.R. § 751.101. Under the Methylene Chloride Rule, "retailers are prohibited from distributing in commerce … any methylene chloride containing products." 40 C.F.R. § 751.105(c). Plaintiff asserts that eBay is a "retailer" under 40 C.F.R. § 751.103, who "distribut[ed] in commerce" some "5,614 methylene chloride-containing products for paint and coating removal." Compl. ¶ 255-56.

**C.     Alleged FIFRA Violations**

Plaintiff alleges that eBay has "'distributed or sold,' as defined in 7 U.S.C. § 136(gg), at least 23,000 unregistered, misbranded, or restricted use pesticides," in violation of FIFRA. Compl. ¶ 261.

**D.     Alleged Violations of the EPA's Stop Sale, Use, or Removal Order (SSURO)**

Finally, Plaintiff alleges that eBay "'owns, controls, or has custody of' pesticides that are distributed and sold on its website" in violation of FIFRA. Compl. ¶ 268.

The EPA can issue Stop Sale, Use, or Removal Orders ("SSUROs") to "'any person who owns, controls, or has custody of' a pesticide or pesticidal device whenever [the] EPA has reason to believe that a pesticide or device is in violation of, or has been or is intended to be distributed or sold in violation of, any provision of FIFRA. 7 U.S.C. § 136k." Compl. ¶ 82. If someone

3

receives an SSURO, they cannot "sell, use, or remove the pesticide or device described in the order except in accordance with the provisions of the order." *Id.* ¶ 83. The EPA issued an SSURO to eBay ordering the company to immediately cease distributing and selling the pesticides listed in the SSURO on June 10, 2020. *Id.* ¶ 217. The EPA reviewed eBay.com following the issuance of its June 10, 2020 SSURO, and discovered that eBay "continued to list and sell numerous pesticides that were unregistered, misbranded, or classified as restricted use, including products specifically identified in the June 10, 2020, SSURO." *Id.* ¶ 221. In response, the EPA issued an amendment to the June 10, 2020, SSURO on July 16, 2021, ordering eBay to stop "the distribution or sale of additional unregistered, misbranded, or restricted use pesticides, including 20 products that had been previously identified in the June 10, 2020, SSURO but which remained available for sale on" the website. *Id.* ¶ 222. As with the initial SSURO, an EPA review of products on eBay's website after issuance of the SSURO amendment purportedly showed that eBay continued to violate the initial and amended SSURO by listing and selling pesticides that were unregistered, misbranded, or classified as restricted use. *Id.* ¶ 225.

## LEGAL STANDARD

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts alleged allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In considering this motion, the Court "must limit itself to the facts

stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

## DISCUSSION

eBay raises the following arguments in support of dismissal: 1) the Complaint does not plausibly allege that eBay violated the CAA; 2) the Complaint does not plausibly allege that eBay violated the FIFRA; 3) the Complaint does not plausibly allege that eBay violated the TSCA or the Methylene Chloride Rule; and 4) Section 230 of the Communications Decency Act ("Section 230") independently bars the United States' claims. eBay's Memorandum of Law in Support of its Motion to Dismiss ("eBay's Memo"), ECF 26, at 7.

### A. Alleged Violations of the CAA

Plaintiff alleges that "[e]ach unit of the Aftermarket Defeat Products that eBay has sold, offered for sale, and/or caused the sale or offer for sale of is a separate violation of Section 203(a)(3)(B) of the CAA, 42 U.S.C. § 7522(a)(3)(B). 42 U.S.C. § 7524(a)." Compl. ¶ 251. As a result of these purported violations, Plaintiff seeks injunctive relief and civil penalties under CAA Sections 204(a) and 205(a). *Id.* ¶ 253. Plaintiff alleges that eBay *knowingly* "sold, offered for sale, and/or caused the sale or offer for sale" of Aftermarket Defeat Products. *Id.* ¶¶ 246-53.

eBay moves to dismiss Plaintiff's claims on the basis that Plaintiff has failed to adequately plead its claims against eBay. *See generally* eBay's Memo. eBay contends that Plaintiff has not adequately pled a violation of the CAA because Plaintiff has failed to establish that eBay violated Section 203(a)(3)(B) of the law. *Id.* at 6. Under CAA Section 203(a)(3)(B), certain "acts and the causing thereof are prohibited," including causing "any person to manufacture or sell, or offer to sell … [an emissions defeat device] where the person knows or should know that such part or

5

component is being offered for sale or installed for such use or put to such use." 42 U.S.C. § 7522(a)(3)(B). eBay contends that Plaintiff has failed to adequately allege that eBay committed an unlawful act with the requisite scienter under this section of the CAA. eBay's Memo at 6. Specifically, eBay argues that it never "sold," "offered for sale," or "caused the sale or offer" of Aftermarket Defeat Devices. *Id.*

The parties agree that the CAA does not define the word "sell," and therefore the ordinary meaning of "sell" should govern its interpretation. *Id.* at 7; United States' Opposition to Defendant's Motion to Dismiss ("Pl. Opp."), ECF 24, at 9. As the Second Circuit has held, "where a statute does not define a term, we give the term its ordinary meaning." *Laurent v. PricewaterhouseCoopers LLP*, 794 F.3d 272, 281 (2d Cir. 2015) (quotation marks omitted). Thus, since Congress did not define this key term in the CAA, the Court agrees that the ordinary meaning of "sell" should govern.

**1. Whether eBay "Sold" Aftermarket Defeat Devices**

Plaintiff alleges that eBay "sold" Aftermarket Defeat Devices; eBay contends that it does not actually "sell" *any* item listed on its platform. eBay's Memo, at 25. In its motion to dismiss, eBay asserts that the ordinary meaning of "sell" requires ownership or possession over an item. *Id.* at 7. That is, eBay must own or possess an item to "sell" the item under the CAA. *Id.* eBay contends that because the Complaint fails to allege that eBay owned, held in its possession, or transferred any item covered by the CAA in exchange for value, the Complaint fails to allege that "eBay sold any product that violates the CAA." *Id.*

Both parties agree that the word "sell" should be understood to convey its ordinary meaning, and both rely on the plain meaning provided in *Black's Law Dictionary*. *Id.* ; Pl. Opp. at 9. However, eBay argues that "selling an item means transferring title or possession of that item

6

for a price." eBay's Memo at 7.  Specifically, eBay asserts "*Black's Law Dictionary* defines 'sell' as '[t]o transfer (property) by sale,' and [] defines a 'sale' as '[t]he transfer of property or title for a price.' *Black's Law Dictionary* 1603, 1634 (11th ed. 2019). *Black's* in turn relies on the Uniform Commercial Code, which similarly states that '[a] 'sale' consists in the passing of title from the seller to the buyer for a price.' UCC § 2-106(1)." *Id.*  According to eBay, eBay must own or possess an item to "sell" the item within the meaning of the CAA.  It follows that since eBay neither owns nor possesses the items listed on eBay.com, it cannot sell them.

By contrast, Plaintiff asserts that the common dictionary definition of "sell" is "exchang[ing] something for money.  *See Black's Law Dictionary* (11th ed. 2019) (defining 'sell' as [t]o transfer (property) by sale and defining 'sale' as [t]he transfer of property or title for a price); *See also Webster's Third New International Dictionary* (1981) ('To give up (property) to another for money or other valuable consideration')." Pl. Opp. at 9 (cleaned up).  Since eBay transfers property for a price, Plaintiff argues that eBay is a seller of the goods listed on its website. *Id.*

eBay asserts that this Court should follow the reasoning of *Utah Physicians* finding that the term "sale" under the CAA refers to the transfer of property or title for a price.[2]  eBay's Memo at 7 (cleaned up).  Plaintiff asserts that eBay mis-states the *Utah Physicians* holding.  Pl. Opp. at 13.  In *Utah Physicians*, looking to *Black's Law Dictionary,* the Court concluded that "to sell" referred to "[t]he transfer of property or title for a price." 374 F. Supp. 3d at 1144.  There, a non-profit advocacy group brought a citizen enforcement action under the CAA, claiming that three businesses and four individuals violated the CAA by, *inter alia*, selling Aftermarket Defeat Devices.  *See id.* at 1130.  There, the court found that the defendant "sold the trucks [containing the Aftermarket Defeat Devices]" because the defendant's agent "transferred title of the trucks"

---

[2] *See Utah Physicians for a Healthy Env't v. Diesel Power Gear LLC*, 17-CV-00032 (RJS) (DBP), 2020 WL 4282148 (D. Utah 2020), *aff'd in part, rev'd in part and remanded*, 21 F.4th 1229 (10th Cir. 2021).

containing Aftermarket Defeat Devices. *Id.* at 1144. Similarly, this Court finds that the ordinary meaning of a "sale" under CAA Section 203(a)(3)(B) requires having or transferring title.[3]

The fact that the *Utah Physicians* defendant "transferred title of" the Aftermarket Defeat Devices through its agent was dispositive. Here, by contrast, no agency relationship exists between eBay and the individual sellers who use eBay's platform. eBay's Memo at 8. Indeed, no agency relationship could exist because eBay users explicitly agree to a non-agency relationship by consenting to Section 19 of the User Agreement which states "No agency . . . relationship is intended or created by this User Agreement." *Id*. In short, while there may be broader views about what it means to "sell" something, here, under CAA Section 203(a)(3)(B), as in *Utah Physicians*, the Court finds that the plain meaning of the word "sell" is to "transfer [] property or title for a price." *Black's Law Dictionary* 1603, 1634 (11th ed. 2019).

In another context, the Second Circuit has similarly held that eBay is not a seller. In *Tiffany (NJ) Inc. v. eBay Inc.*, jeweler Tiffany & Co. brought a trademark infringement action against eBay, arguing that eBay facilitated and allowed counterfeit items to be sold on its website. 576 F. Supp. 2d 463, 469 (S.D.N.Y. 2008), *aff'd in part, rev'd in part*, *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010). The district court relied on three facts in concluding that eBay was not a "seller": (1) buyers and sellers contacted each other to arrange payment and shipment; (2) eBay never physically possessed the goods sold; and (3) eBay did not necessarily know whether an item

---

[3] The United States implies that having title over the Aftermarket Defeat Devices was not a dispositive factor in *Utah Physicians*. Pl. Opp. at 14 (the "court found that the defendant was a seller even though—like eBay—it never owned or possessed any of the defeat devices it sold."). According to the United States, the holding in *Utah Physicians* demonstrates that title nor possession is required to sell something. *Id.* The Court disagrees with this reading for two reasons. First, the defendant in *Utah Physicians* did not dispute that they "sold" aftermarket defeat products, like eBay does here. *See Utah Physicians*, 2020 WL 4282148, at *9 n. 85 ("Defendants do not dispute [that defendant], through [another company], sold automotive parts that violate the CAA."). Second, although the defendant did not personally have title over the Aftermarket Defeat Devices, the *Utah Physicians* court found that the defendant possessed title *through its agent*, who was the actual seller of the devices. *See Utah Physicians*, 374 F.Supp.3d at 1144-45.

8

had been delivered. *Tiffany*, 576 F. Supp. 2d at 475. The Second Circuit affirmed eBay was not a seller: "eBay did not itself sell counterfeit Tiffany goods; only the fraudulent vendors did." *Tiffany*, 600 F.3d 114.

The United States attempts to distinguish the district court's reasoning in *Tiffany* by pointing out that buyers and sellers no longer contact each other to buy items. Pl. Opp. at 14. eBay's business model has changed over the years, and today, buyers pay eBay. Compl. ¶ 109. That said, importantly here, eBay still never physically possesses goods.

As a sister court has highlighted the importance of physically possessing goods sold, and the Second Circuit has affirmed that importance, to "sell" an item one must either possess the physical item or its title. Consequently, Plaintiff's claim for injunctive relief and civil damages based on eBay's purported sale of Aftermarket Defeat Devices is dismissed.

### 2. Whether eBay "Offered" Aftermarket Defeat Devices for Sale

Plaintiff also contends that eBay violates the CAA by offering Aftermarket Defeat Devices for sale.

The CAA does not define the phrase "offer for sale." In light of the above conclusion about the definition of "sell," the Court contends that "offer to sell" means "offer to transact title in exchange for consideration." Under this definition, eBay did not offer Aftermarket Defeat Devices for sale in violation of the CAA. Therefore, Plaintiff's claim for injunctive relief and civil damages based on eBay's purported offering of Aftermarket Defeat Devices for sale is dismissed.

### 3. Whether eBay "Caused the Sale or Offer for Sale" of Aftermarket Defeat Devices

Plaintiff's Complaint also fails to adequately plead that eBay "caus[ed] … any person to manufacture or sell, or offer to sell," Aftermarket Defeat Devices in violation of the CAA. 42 U.S.C. § 7522.

Starting with the text, the Court notes that the CAA does not define the word "cause." But, as explained *supra*, "where a statute does not define a term, we give the term its ordinary meaning." *Laurent*, 794 F.3d 281 (quotation marks omitted). Both parties agree that the term "cause" should carry its ordinary meaning. Pl. Opp. at 16; *see* eBay's Memo at 13. Both parties further agree that "cause" means "inducing or directing." Pl. Opp. at 18; eBay's Memo at 15. However, the parties disagree about whether "cause" is limited to "inducing or directing" or extends further to encompass "facilitating," "prompting," "encouraging," "promoting," or "bringing about." *Compare* Pl. Opp. at 18 ("[C]ausing can mean inducing or directing, but as discussed above it also means 'prompting,' 'encouraging,' 'promoting,' and 'bringing about.' It also means facilitating."), *with* eBay's Memo at 13 (causing "requires directing or inducing the person to engage in the specific transaction, not merely facilitating it in some way.").

This Court takes the ordinary meaning of "cause" to simply be "something that brings about an effect or a result." Merriam-Webster Online Dictionary, accessible at https://perma.cc/CRG2-M6G8 (accessed August 28, 2024). *El Omari v. Int'l Crim. Police Org.*, 35 F.4th 83, 88 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 214 (2022) ("To determine that ordinary meaning, courts may look to contemporary dictionary definitions."). The Court declines to adopt the broader definition on which Plaintiff relies. Plaintiff argues that eBay "causes" sales[4] by providing:

> substantial assistance to third-party merchants in creating product listings, in marketing the products, and in taking advantage of the vast amounts of commercial data it collects; [] direct[ing] consumers towards products that eBay wants them to see, even towards products that consumers may not originally have planned to purchase; [] target[ing] them with unsolicited emails and ads, even when they are not on eBay's site; [] tak[ing] their money and, in return, ensur[ing] that they get

---

[4] Plaintiff does not argue that eBay "caused" the After Market Defeat Devices to be "offered for sale." *See generally*, Pl. Opp. at 16-18.

10

>the product they paid for; [] prevent[ing] them from buying something from a merchant unless they do so on eBay itself.

Pl. Opp. at 16.

Plaintiff lists reasons why someone might be "caused" to sell something, but the reasons it lists are better understood as reasons that cause a seller to sell Aftermarket Defeat Devices *on eBay*—not to sell Aftermarket Defeat Devices in the first place. Indeed, as the Seventh Circuit held in *Chicago Lawyers' Committee v. Craigslist*, "[a]n interactive computer service 'causes' postings only in the sense of providing a place where people can post," if "[n]othing in the service [] offer[ed] induces anyone to post any particular listing," then the computer service does not *cause* the person to act. *Chi. Lawyers' Comm. for C.R. Under L., Inc. v. Craigslist, Inc.*, 519 F.3d 666, 671 (7th Cir. 2008), *as amended* (May 2, 2008). There, the Court considered whether Craigslist was liable as a provider who "cause[d] to be made, printed, or published any [discriminatory] notice, statement, or advertisement." *Id.* The court dismissed that definition of "cause" as overly broad: causation in a statute like the antidiscrimination statute at issue "must refer to causing a particular statement to be made, or [] the discriminatory content of a statement … Nothing in the service craigslist offers induces anyone to post any particular listing or express a preference for discrimination; for example, craigslist does not offer a lower price to people who include discriminatory statements in their postings." *Id.* at 671-72.

The *Craigslist* court's logic applies to eBay here because eBay's service itself does not "induce[] anyone to post any particular listing or express a preference for" Aftermarket Defeat Devices. *Id.* eBay's creation of product listings; "manipulating a consumer's search results; pushing 'related products,' 'similar sponsored items,' and 'sponsored items based on [] recent views'; sending coupons; and following a consumer all over the web[,]" is insufficient to constitute inducement of a sale. *See* Pl. Opp. at 17-18. Nor do these actions constitute "directing" the transfer

11

of a physical item or title involved in a specific transaction. Rather, eBay's actions create a kind of forum in which buyers and sellers can transact more efficiently.

Therefore, Plaintiff's claim for injunctive relief and civil damages based on eBay's purported causing the sale or offer for sale of Aftermarket Defeat Devices is dismissed.[5]

### B. Alleged Violations of the FIFRA

According to Plaintiff, "[e]ach instance of eBay's distribution or sale (including offer for sale) of unregistered, misbranded, or restricted use pesticides constitutes a violation of FIFRA. 7 U.S.C. § 136a(a); 7 U.S.C.§ 136j(a)(l)(A), (a)(1)(E), (a)(1)(F)[.]" Compl. ¶ 264. Plaintiff asks the Court to enjoin eBay to "enforce, prevent, or restrain further violations of Sections 12(a)(1)(A), (a)(1)(E), and (a)(2)(F) of FIFRA." *Id.* ¶ 266. The Court dismisses both of Plaintiff's claims for injunctive relief under FIFRA.

#### 1. Distributed or Sold Pesticides

As explained above, Plaintiff alleges that eBay "distributed or sold" certain pesticides in violation of the FIFRA. *Id.* ¶¶ 260-66.

FIFRA does not fully define the phrase "distribute" or the word "sell." FIFRA merely defines "to distribute or sell" as to "sell, [or] offer for sale," without defining "sell" or "sale." Pl. Opp. at 22; 7 U.S.C. § 136(gg). Accordingly, ordinary meaning should govern. *See* section A., *supra*.

According to Plaintiff, "eBay also 'distributed or sold' illegal pesticides, in violation of FIFRA." Pl. Opp. at 22.[6]

---

[5] Since the Court has dismissed each of the United States' CAA claims, there is no need for the Court to reach eBay's argument that the United States failed to establish the requisite scienter for CAA violations.
[6] Although FIFRA prohibits distributing illegal pesticides, the United States only argues that eBay's actions "constitute a 'sale' or 'offer to sell'" illegal products. Pl. Opp. 22. Since the United States has chosen not to argue that eBay distributes illegal pesticides in violation of FIFRA, the Court need not determine whether eBay "distribute[s]" illegal pesticides in violation of FIFRA. *See generally Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) (explaining

eBay argues that the ordinary meaning of "sell" under FIFRA is the same as the ordinary meaning of sell under the CAA: "which … requires the [United States] to allege that eBay had title or possession." eBay's Memo at 19.

Likewise, Plaintiff indicates that the ordinary meaning of "sell" under FIFRA is the same as the ordinary meaning of "sell" under the CAA: "The actions eBay takes to sell pesticides on ebay.com constitute a 'sale' or 'offer to sell' those products under FIFRA just as the [CAA-implicated] conduct constitutes the 'sale' or 'offer to sell' of defeat devices under the CAA." Pl. Opp. at 22.

However, Plaintiff's argument fails here for the same reason it failed with respect to the CAA: the ordinary meaning of "sell" requires physical possession or title, and, as this Court explained, *see* section A.1., *supra*, eBay lacks title and possession over the items listed on its site. Thus, eBay cannot be deemed to have "sold" the items.

Plaintiff also argues that eBay's actions constitute an "offer to sell" pesticides in violation of FIFRA, "just as the [CAA-related] conduct … constitutes the … 'offer to sell' [] defeat devices under the CAA." Pl. Opp. at 22. However, applying the Court's above conclusion regarding the definition of "sell," the Court concludes that "offer to sell" means "offer to transact title in exchange for consideration." Consequently, eBay's actions do not constitute an "offer to sell" pesticides, in violation of the FIFRA. Accordingly, Plaintiff's claim for injunctive relief under FIFRA for distributing or selling pesticides is dismissed.

**2. Failed to Comply with the SSURO**

Plaintiff argues that "[e]ach distribution or sale of a product identified in the June 10, 2020, SSURO [Stop Sale, Use, or Removal Order] or the July 16, 2021 SSURO amendment is a separate

---

that "district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage.").

violation of Sections 12(a)(2)(l) and 13 of FIFRA, 7 U.S.C. §§ 136j(a)(2)(I), 136k." Compl. ¶¶ 217, 267-73.  Further, Plaintiff argues that eBay is liable to Plaintiff for injunctive relief to "to enforce, prevent, or restrain further violations of the June 10, 2020 SSURO, the July 16, 2021 SSURO amendment, and Sections 12(a)(2)(I) and 13 of FIFRA." *Id.* ¶ 273.  eBay argues that the Complaint failed to plausibly allege that eBay violated any SSURO, Pl. Opp. at 20, because the EPA can only "issue a [SSURO] to 'any person who owns, controls, or has custody of' a pesticide[,]" and since eBay lacks ownership, control, and custody, no SSURO can issue.  Pl. Opp. at 4 n. 1 (citing 7 U.S.C. § 136k).

For the reasons explained above, *see* section B.1. *supra*, eBay did not "distribute[] or s[ell]" pesticides in violation of FIFRA.  As such, eBay could not have violated an SSURO requesting that it stop selling or distributing pesticides.  Accordingly, Plaintiff's claim for injunctive relief under FIFRA for violating a SSURO must be dismissed.

## C. Purported Violations of the TSCA

Plaintiff also alleges that eBay is a "retailer" who "distributed in commerce" products containing methylene chloride in violation of the TSCA and the Methylene Chloride Rule.  Compl. ¶¶ 254-59.  Plaintiff requests that this Court enjoin eBay to prevent further alleged violations of the TSCA and Methylene Chloride Rule.  *Id.* ¶ 259.

The parties agree that both the TSCA and the Methylene Chloride Rule define the phrase "distribute in commerce" as "to sell . . . in commerce; to introduce or deliver for introduction into commerce . . . or to hold [an item] . . . after its introduction into commerce."  eBay's Memo at 21; Pl. Opp. at 20-21; 15 U.S.C. § 2602; 40 C.F.R. § 751.103.  As discussed above, *see* section A.1. *supra*, eBay does not sell the items listed on its site, therefore the first meaning of "distribute in commerce" does not apply, nor does the third meaning of "distribute in commerce" because the

United States did not argue that eBay holds items after their introduction into commerce. However, the second meaning of the phrase—"to introduce or deliver for introduction into commerce" — warrants deeper examination.

"[T]o introduce or deliver for introduction into commerce" is not defined in the TSCA and the parties have not presented the Court with caselaw construing the meaning of the phrase under the TSCA. Therefore, to define "introduce into commerce," the Court turns to its plain meaning.

eBay argues that the plain meaning of "introduce into commerce" is "to lead or bring in, esp[ecially] for the first time." eBay's Memo at 21 (citing *Merriam-Webster's Collegiate Dictionary* (11th ed. 2003)). The United States, by contrast, argues that courts have interpreted "introduce into commerce" broadly when used in statutes designed to protect the public. Pl. Opp at 21.

eBay struggles to rationally define "introduce." Attempting to support its argument that "introduce into commerce" means to carry out an initial transaction, eBay points to a definition that patently covers non-first-time transactions: "to lead or bring in esp[ecially] for the first time." eBay's Memo at 21; *see, e.g.*, *United States v. Twenty-Five Packages of Pan. Hats*, 231 U.S. 358, 362 (1913) ("[W]hen the goods . . . arrived at the port of entry, there was an attempt to introduce them into the commerce of the United States. When they were unloaded and placed in [a customs warehouse], they were actually introduced into that commerce."). eBay relies heavily on a citation to *Panama Hats*, an early 1900's case where the court relied on a definition of the word "introduce" to hold that the Tariff Act of 1909 applied to "goods not technically entered at the New York Customs House." *Pan. Hats*, 231 U.S. at 359. eBay urges this Court to construe *Panama Hats* as standing for the proposition that introduction into commerce occurs just once: at the first step in a transaction. eBay argues "introduce" means to "carry out the first transaction that places [an item]

15

into the stream of commerce—for example, the initial sale from manufacturer to wholesaler, or acceptance at a port of entry." eBay's Memo at 21.

eBay's argument is misplaced. First, *Panama Hats* is not analogous to the current matter because it discusses only transactions that place an item into the general order and transactions that occur *prior to* placing the item into the general order. *Pan. Hats*, 231 U.S. 362. Second, as the Fifth Circuit opined, "nothing in the Supreme Court's language in *Panama Hats* suggests that *acts following the moment at which imported goods come under the control of United States* Customs cannot be the means by which the goods are introduced into commerce." *United States v. Steinfels*, 753 F.2d 373, 377 (5th Cir. 1985) (emphasis added). Third, the *Panama Hats* court adopted a decidedly broad definition of "introduce into commerce" to make acts people committed abroad, beyond the court's jurisdiction, grounds for forfeiture. *See Pan. Hats*, 231 U.S. 361. Adopting eBay's narrow view of "introduce into commerce" would not only fly in the face of the *Panama Hats* court's logic, but it would also undermine the TSCA's regulatory scope.

The United States asks this Court to define "introduce into commerce" as generally "[playing a] key role in making methylene chloride-containing products available to the ultimate consumer." Pl. Opp. at 22. Indeed, it is similar to the definition eBay asks this Court to accept: "to lead or bring in especially for the first time." *See* eBay's Memo. at 21 (citing Merriam Webster, https://perma.cc/V8CK-3DAP (last visited: August 28, 2024)).

The United States points to *Barnes v. United States*, where the Ninth Circuit interpreted the phrase "to introduce or deliver for introduction" broadly under the Federal Food, Drug, & Cosmetic Act (FDCA) to capture more potential violations of the act, in line with its purpose. Like the FDCA, the TSCA, is designed to protect the public. *See Barnes v. United States*, 142 F.2d 648, 651 (9th Cir. 1944); *see also* 15 U.S.C. § 2601 ("the primary purpose of [the TSCA is] to

16

assure that [] innovation and commerce in [] chemical substances and mixtures do not present an unreasonable risk of injury to health or the environment."); *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 108 (2014) ("The FDCA statutory regime is designed primarily to protect the health and safety of the public at large."). In *Barnes*, the court concluded that the "broad language of the statute . . . *includes the whole transaction* of which such transporting is a part . . . and cannot be qualified or avoided by the technicalities of the law of sales regarding passing of title." *Barnes*, 142 F.2d at 650-51 (emphasis added).

      eBay's attacks on the *Barnes*/FDCA analog do not change the outcome. eBay contends: "*Barnes* held that it did not matter who holds title at the moment of 'introduction,' but it still identified what that moment is: 'the time of delivery of the product to the carrier for shipment' to the customer." eBay's Reply in Support re Motion to Dismiss ("Reply"), ECF 28, at 10. Although eBay notes that *Barnes* identified the moment of introduction as the time of delivery, eBay assumes that the moment of introduction at issue in *Barnes* is exclusive. eBay misconstrues *Barnes*. It just so happened that the moment at issue in *Barnes* was the moment of "delivery of the product to the carrier for shipment." *Barnes*, 142 F.2d at 651. However, the *Barnes* court was clear that "[c]ommerce so used in the statute … includes *the whole transaction of which such transporting is a part*." *Id.* (emphasis added).

      In short, Plaintiff pleads facts sufficient to allege that eBay introduces methylene-chloride containing products into commerce, thus, eBay distributes methylene-chloride-containing products in commerce, violating the TSCA and Methylene Chloride Rule. Since eBay could plausibly be held to distribute goods in commerce, eBay is also a retailer. A "retailer" is an entity who "distributes in commerce or makes available a chemical substance or mixture to consumer

17

end users, including e-commerce internet sales or distribution." 40 C.F.R. § 751.103.  Thus, eBay's argument to dismiss Plaintiff's TSCA claims, on this basis, fails.

### D. Section 230 of the Communications Decency Act

Alternatively, eBay argues that Section 230 of the Communications Decency Act functions as an independent bar to any claims of liability against eBay because the United States seeks to hold eBay liable "as a publisher" of third-party content. eBay's Memo at 23. According to eBay, "the core of the Complaint is that eBay should have removed sellers' listings for unlawful products, instead of allowing those listings to turn into sales. As numerous courts have recognized, that theory treats eBay as a publisher." eBay's Memo at 23. Plaintiff, on the other hand, argues that its claims are based on eBay's *own* actions—not those of third parties.

Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). A defendant can be shielded from liability under Section 230 if: "(1) [the defendant] 'is a provider or user of an interactive computer service, (2) the claim is based on information provided by another information content provider and (3) the claim would treat [the defendant] as the publisher or speaker of that information.'" *Fed. Trade Comm'n v. LeadClick Media, LLC*, 838 F.3d 158, 173 (2d Cir. 2016). Here, eBay is clearly a provider of an interactive computer service, satisfying the first prong of the test.

Plaintiff claims that eBay fails the second prong of the immunity test because Plaintiff seeks to hold eBay liable for eBay's *own* conduct, which violates environmental statutes. Pl. Opp. at 24. Specifically, the Complaint alleges that eBay has "pervasive control over every aspect of the transaction on its website," in that eBay "assists in the drafting of the product listing, actively markets the listings, restricts independent communications between buyers and third-party

18

merchants, accepts payment for products, takes a fee, pays sales taxes, handles disputes, and guarantees shipment." Pl. Opp. at 24-25. eBay disputes this, arguing that "those actions *standing alone* would [not] support liability under any of the statutes at issue … [because] [w]ithout allegations that eBay fails to remove third-party listings (conduct that is plainly immune under Section 230), the Complaint would not state a claim." Reply at 10 (emphasis in original).

This Court agrees with eBay. The provision of neutral, automatic email prompts and messages, and of payment processing software does not materially contribute to the illegal products' "alleged unlawfulness". Under Section 230, an "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). This means that "[a]n interactive computer service will be immune for content on its platform under Section 230 unless 'it assisted in the development of what made the content unlawful,' thus becoming an information content provider." *Ratermann v. Pierre Fabre USA, Inc.*, 651 F. Supp. 3d 657, 667 (S.D.N.Y. 2023) (citing *LeadClick Media*, 838 F.3d at 174). The administrative and technical support eBay provides to sellers does not "materially contribut[e] to [the content's] alleged unlawfulness." *LeadClick Media*, 838 F.3d at 176.

Finally, because the liability Plaintiff attempts to impose on eBay is "derived from its status as a publisher … imposing liability … does [] inherently require the court to treat" eBay as the "publisher or speaker of its affiliates' [illegal content]," Section 230 immunity applies. *Id.* at 176-77 (cleaned up). Therefore, although eBay's motion to dismiss Plaintiff's claim for injunctive relief fails under the TSCA, because Section 230 applies, eBay's motion to dismiss Plaintiff's claim for injunctive relief is granted.

## CONCLUSION

For the foregoing reasons, eBay's motion to dismiss is GRANTED.

SO ORDERED.

/s/  
ORELIA E. MERCHANT  
United States District Judge

Dated: September 30, 2024  
Brooklyn, New York